IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC C. McCOLLISTER, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| vs. | : | NO. 11-0525 |
| | : | |
| SUPERINTENDENT CAMERON, | : | |
| et al., | : | |
|     Respondents | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                August 14, 2014

Eric C. McCollister is a prisoner at the State Correctional Institution at Bellefonte, Pennsylvania. He has filed a "motion for relief from judgment" pursuant to Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure, seeking the setting aside of my Order denying his petition for writ of *habeas corpus*. For the following reasons, I will dismiss the motion with prejudice for lack of jurisdiction.

## I.  BACKGROUND[1]

Early in the summer of 2006, Mr. McCollister worked as a subcontractor installing ceramic tile in the home of Arthur Rowland. The job took eight full days. During that time, Mr. Rowland left Mr. McCollister alone in the home on at least one occasion. Once, Mr. McCollister told Mr. Rowland that his car had a flat tire, but he could not

---

[1] This section is based on the thorough and well-reasoned Report & Recommendation of United States Magistrate Henry S. Perkin.  See Document #28.  After a review of Mr. McCollister's claims on their merits, Judge Perkin recommended that the petition be denied.  Upon *de novo* review, I overruled Mr. McCollister's objections, and approved and adopted the Report & Recommendation.  See Document #36.

afford to repair it.  Mr. Rowland bought a new tire for Mr. McCollister and mounted it on McCollister's car himself.

When Mr. McCollister completed the job, he left his business card with Mr. Rowland.  On the back of the card, Mr. McCollister had handwritten a note which read: "Mr. Rowland, I really need your help, sir.  Please call."  Mr. Rowland then hired Mr. McCollister to perform a second tile repair project in his home.  Upon completion, Mr. Rowland paid Mr. McCollister with cash kept in Mr. Rowland's bedroom.

Several weeks after Mr. McCollister completed the second project, he arrived at Mr. Rowland's home unannounced, at night.  He told Mr. Rowland he had been playing basketball and asked to borrow Mr. Rowland's jack to change an automobile tire.  Mr. Rowland refused, but allowed Mr. McCollister to enter his home to use the bathroom and telephone.

The next time Mr. Rowland saw Mr. McCollister was on the evening of July 18, 2006.  Mr. Rowland heard banging sounds, and when he went to investigate, he found that Mr. McCollister had broken through a window and entered Mr. Rowland's kitchen.  Mr. McCollister then hit Mr. Rowland repeatedly about the head with a nearby telephone and beat him savagely with his fists.  As he beat Mr. Rowland, Mr. McCollister continually yelled that he wanted money.  Mr. Rowland pretended to have been knocked unconscious and lay still while Mr. McCollister poured dishwashing liquid over him, then stepped over his prone body, ran upstairs, ransacked the bedroom and stole $8,000.00 cash from a dresser drawer.

An arrest warrant for Mr. McCollister was signed on July 19, 2006, the day after the burglary and assault. After several unsuccessful attempts to locate Mr. McCollister, the detectives were notified on January 29, 2007 that he had been arrested in Florida. Mr. McCollister was extradited to Pennsylvania sometime in February 2007.

On May 2, 2008, in the Montgomery County Court of Common Pleas, a jury found Mr. McCollister guilty of two counts of robbery, two counts of aggravated assault and one count each of burglary, criminal trespass, and simple assault.[2] On December 29, 2008, Mr. McCollister was sentenced to an aggregate term of forty years to life imprisonment, including a twenty-five year mandatory minimum sentence pursuant to Pennsylvania's "three strikes law." 42 Pa.C.S. § 9714(a).

Mr. McCollister filed a direct appeal with the Superior Court of Pennsylvania. On August 30, 2010, the Superior Court denied the appeal and affirmed the judgment of sentence. Commonwealth v. McCollister, 11 A.3d 1042 (Pa. Super. 2010). He neither sought discretionary review with the Supreme Court of Pennsylvania nor filed a collateral petition pursuant to the Pennsylvania Post Conviction Relief Act.

In January 2011, Mr. McCollister filed a petition for writ of *habeas corpus*. See Document #1. The respondents filed an answer to the petition, arguing that it should be denied on the merits. See Document #18. Judge Perkin agreed, and recommended that

---

[2] I note that during pretrial proceedings, Mr. McCollister was represented in turn by three attorneys but was satisfied with none of them. See Document #18-16 at 2-3. He chose to represent himself at trial after undergoing a colloquy to create a record that his decision to waive his right to counsel was knowing, voluntary, and intelligent. On appeal, he complained that the colloquy was defective and that the trial court had abused its discretion by not allowing stand-by counsel to play an active role in his defense. Id. These issues were addressed and rejected by the state court, and properly reviewed by this court and the Court of Appeals.

the petition be denied.  See Document #28.  After a *de novo* review of Mr. McCollister's objections, I approved and adopted Judge Perkin's Report and Recommendation.  See Document #36.  On appeal, the Third Circuit Court of Appeals granted a limited certificate of appealability on the issue of whether Mr. McCollister's waiver of his right to trial counsel was made knowingly and intelligently.  See Document #41.  The court later affirmed the denial of Mr. McCollister's petition.  McCollister v. Superintendent Cameron, et al., 535 F.App'x 187 (3d Cir. 2013).  His petition for writ of *certiorari* was denied by the Supreme Court of the United States on February 24, 2014.  McCollister v. Superintendent Cameron, et al., 134 S.Ct. 1298 (3d Cir. 2013).

## II.  STANDARD FOR RULE 60(b) MOTIONS

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to grant relief from a final judgment based upon fraud, misrepresentation, or misconduct by an opposing party; or "any other reason that justifies relief."  FED.R.CIV.P. 60(b)(3) and (6). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Walsh v. Krantz, 423 F.App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)).  "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances."  Mendez v. Sullivan, 488 F.App'x 566, 568 (3d Cir. 2012) (per curiam) (citing Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

## III. DISCUSSION

A review of the arguments advanced in support of Mr. McCollister's Rule 60(b) motion reveals that this court does not have jurisdiction over this matter. First, Mr. McCollister argues that when he moved to represent himself at trial, the trial court violated his 6th and 14th Amendment rights "by failing to inform him that if convicted he could face a consecutive, mandatory minimum sentence of twenty-five [years] to life." Second, Mr. McCollister insists that the Commonwealth Attorney committed fraud on the courts because he "was well aware that [Mr. McCollister] was not eligible for sentencing under the Three Strikes Law," yet knowingly misrepresented the law and facts to the courts, which prevented both the state and federal courts from reaching a constitutional, accurate, and valid legal review of the merits of Mr. McCollister's claims. Finally, Mr. McCollister argues that the Commonwealth Attorney continued the fraud upon the Court of Appeals when it told the court by some form of illegal *ex parte* communications a "false, prejudicial misrepresentation[3] of the facts," which infected and corrupted the entire proceedings.

The Third Circuit Court of Appeals "has held that, when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [the party's] prior appeal.'" Bernheim v. Jacobs, 144 F.App'x 218, 222 (3d Cir. 2005) (citing Standard Oil

---

[3] The misrepresentation to which Mr. McCollister refers was that the Commonwealth had allegedly only discovered that Mr. McCollister's Delaware burglaries in 1988 involved occupied structures. He insists that the Court of Appeals could have only learned this information through *ex parte* communication.

v. United States, 429 U.S. 17 (1976); Seese v. Volkswagenwerk, A.G., 679 F.2d 336 (3d Cir. 1982)); see also Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (holding "that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion").  The courts "distinguish between a Rule 60(b) motion based on matters that were before the court on appeal, which may not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision, which properly may be reviewed by the district court."  Id.

Here, Mr. McCollister appealed the January 30, 2012 dismissal of his *habeas corpus* petition to the Court of Appeals for the Third Circuit, which denied the appeal. See Documents #38 and 42.  The claims presented in this motion for Rule 60(b) relief are based on matters that were already before the Court of Appeals, and rejected.  The motion may not be used as a substitute for an appeal.  Accordingly, because this court lacks the jurisdiction to review the claims in this motion, I will dismiss it with prejudice.

Even if there were no appeal of these claims, however, this court would still not have jurisdiction because the motion is untimely.  "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or Order or the date of the proceeding."  See FED.R.CIV.P. 60(c)(1); see also Zahl v. Harper, 403 F.App'x 729, 733 (3d Cir. 2010) (a motion under Rule 60(b)(3) must be brought within one year of the judgment).  Mr. McCollister filed this motion over two years after his petition for writ of *habeas corpus* petition was

denied.  His motion and arguments are based on fraud under Rule 60(b)(3) and thus, could still not be considered here due to the motion's untimeliness.

Furthermore, that Mr. McCollister included the "catch-all" subsection (6) in this motion is to no avail.  Rule 60(b)(6) provides that a court may relieve a party from a final Order for "any other reason that justifies relief."  However, "Rule 60(b)(6) relief from judgment is only granted in extraordinary circumstances." Jackson v. Danberg, 656 F.3d 157, 165 (3d Cir. 2011) (citing Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911-12 (3d Cir. 1977)).  "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." Jackson, 656 F.3d at 165-66 (citing United States v. Swift & Co., 286 U.S. 106 (1932)).  There are no such extraordinary circumstances here to warrant Rule 60(b)(6) relief.

Accordingly, because this court lacks jurisdiction to consider the motion, I will dismiss it with prejudice.  An appropriate Order follows.