IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC C. MCCOLLISTER,** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| **SUPERINTENDENT CAMERON**, *et al.*, | : | NO. 11-525 |
| Respondents. | : | |

Perez, J.                                                                                            February 12, 2025

**MEMORANDUM**

Presently before the Court is Petitioner Eric C. McCollister's motion for relief from this Court's Order denying his petition for a writ of *habeas corpus*. For the reasons set forth below, the motion is dismissed with prejudice for lack of jurisdiction.

I.     BACKGROUND

In 2008, Petitioner was convicted of two counts of robbery, two counts of aggravated assault, and one count each of burglary, criminal trespass, and simple assault. ECF No. 28 at 2. He was sentenced to an aggregate term of forty years to life imprisonment, including a twenty-five-year mandatory minimum sentence pursuant to Pennsylvania's "three-strikes law," 42. Pa. C.S.A. § 9714(a). *Id.* at 2, 4. The Superior Court affirmed the sentence. *Commonwealth v. McCollister*, 11 A.3d 1042 (Pa. Super. Ct. 2010).

On January 30, 2012, this Court denied Petitioner's *habeas* petition with prejudice. *See* ECF No. 36. The United States Court of Appeals for the Third Circuit granted a limited certificate of appealability, ECF No. 41 at 1, then affirmed the denial. *McCollister v. Superintendent Cameron, et al.*, 535 F. App'x 187 (3d Cir. 2013), *cert. denied*, 571 U.S. 1211 (2014).

In February 2014, Petitioner moved for relief from the order denying his *habeas* petition pursuant to Federal Rules of Civil Procedure 60(b)(3) and (6). This Court denied the motion with prejudice for lack of jurisdiction because it was "based on matters that were already before the Court of Appeals, and rejected." ECF No. 50 at 6. The Third Circuit denied Petitioner's application for a certificate of appealability, affirming that Petitioner "could (and, in some cases, did) raise these same arguments on [his previous] appeal." ECF No. 54 at 2.

In January 2022, Petitioner filed a PCRA petition, which was denied as untimely. *Commonwealth v. McCollister*, 293 A.3d 630 (Pa. Super. Ct. 2023), *reargument denied*, No. 1447 EDA 2022 (May 4, 2023). The Superior Court affirmed the denial in February 2023, noting that Petitioner had objected to the application of the "three strikes rule . . . previously and continuously over the more than thirteen years since he ha[d] been sentenced." *Id.* at 630 n.2.

On January 2, 2024, the Clerk of Court docketed Petitioner's present motion to vacate the order denying his *habeas* petition pursuant to Rule 60(b)(6), (d)(1), or (d)(3). *See* ECF No. 68 at 10[1]; ECF No. 92 at 1. Petitioner argues relief is appropriate because: (1) the trial court's misunderstanding of Pennsylvania's three-strikes law contributed to a "miscarriage of justice"; (2) the Third Circuit did not address the merits of Petitioners' challenge to the legality of his sentence; and (3) the Commonwealth attorney's misrepresentations "marred" the integrity of the *habeas* proceedings. ECF No. 68 at 9–10.

II.   **LEGAL STANDARD**

A district court may grant relief from final judgment for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), or "entertain an independent action to relieve a party from a judgment, order, or proceeding," *id.* 60(d)(1). Relief under Rule 60(b)(6) or (d)(1) "is available . .

---

[1] Page 1 of Petitioner's motion appears to have been omitted from the version entered on the docket, but the sum and substance of Petitioner's request for relief is apparent to the Court.

. only in extraordinary circumstances where . . . necessary to 'prevent a grave miscarriage of justice.'" *Rhone v. Larkins*, No. 99-743, 2016 WL 3181757, at *6 (E.D. Pa. June 8, 2016) (quoting *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011)).

"An independent action brought under Rule 60(d) is generally treated the same as a motion under Rule 60(b)." *Id.* (quoting *Sharpe v. United States*, No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. Jun. 22, 2010)). "Rule 60(b) . . . applies in *habeas corpus* proceedings . . . only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (internal quotation omitted). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a court to dismiss Rule 60(b) and (d) claims that (1) have "already been adjudicated in a previous [*habeas*] petition," or (2) have "*not* already been adjudicated . . . unless [they] rel[y] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Id.* at 529–30 (citing 28 U.S.C. §§ 2244(b)(1), (2)) (emphasis in original); *see also Rhone*, 2016 WL 3181757, at *6. Analogously, "when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of [the Court of Appeals] on the basis of matters included or includable in [the party]'s prior appeal.'" *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005) (quoting *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982)).

### III. DISCUSSION

"[A] 'claim' as used in [AEDPA] is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. Petitioner argues the trial court "allowed" Commonwealth counsel to misrepresent the applicability of the three-strikes law to his conviction, and his sentencing and post-sentencing counsel was ineffective for failing to correct this issue, violating his constitutional rights. ECF No. 68 at 17. Petitioner offers no new and retroactive rule

of constitutional law applicable to either issue, nor any new facts showing a high probability of his actual innocence. Moreover, Petitioner had notice of both issues prior to his previous appeals to the Third Circuit.

"A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying *habeas* relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to *habeas* relief." *Gonzalez*, 545 U.S. at 532 (emphasis in original). Generally, a motion is a "true" Rule 60(b) motion, rather than a successive *habeas* petition, if it "challenges a 'defect in the integrity of the federal *habeas* proceedings,' such as an assertion that the opposing party committed fraud upon the court." *Murray v. DiGuglielmo*, No. 09-4960, 2020 WL 1491324, at *2 (E.D. Pa. Mar. 27, 2020) (quoting *Gonzalez*, 545 U.S. at 532 & n.5). Pursuant to Rule 60(d)(3), a district court may also "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court requires a showing of "'(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court' supported by 'clear, unequivocal and convincing evidence.'" *Rhone*, 2016 WL 3181757, at *6 (quoting *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005)).

Petitioner argues the Third Circuit did not address the merits of his challenge to the legality of his sentence because the Commonwealth attorney misrepresented the applicability of the three-strikes law and, as a result, the federal courts were unaware that his sentence was unlawful. *See* ECF No. 68 at 19 ("[T]he Commonwealth knew the sentence was patently illegal but said nothing to the courts. [Petitioner] and the *Habeas* Court had a right to know that the sentence was illegal."), 20 ("The [Commonwealth] attorn[eys] misrepresented to the magistrate that the sentence was legal

. . . . The Magistrate and District Judges believed what the Commonwealth attorn[eys] presented.").

Petitioner confuses Commonwealth counsel's advocacy during the *habeas* proceedings with fraud. His essential argument remains that "the underlying sentence was imposed by fraud and that his sentencing counsel was ineffective. These are the types [of] claims that attack the defendant's underlying conviction and seek to 'add a new ground for relief,' which are explicitly barred by *Gonzalez*." *United States v. Cruz*, 567 F. Supp. 3d 573, 579 (E.D. Pa. 2021) (quoting *Gonzalez*, 545 U.S. at 532).

Even accepting Petitioner's objections to the *habeas* proceedings as legitimate Rule 60 claims, this Court lacks jurisdiction to review them. The Third Circuit already determined Petitioner "failed to show that the Government's alleged fraud actually deceived any federal court or impacted this Court's judgment on appeal in any way." ECF No. 54 at 1–2 (citing *Herring*, 424 F.3d at 386).

### IV. CONCLUSION

Because this Court lacks jurisdiction to consider Petitioner's motion, it will be dismissed with prejudice. An appropriate order follows.